Affirmed and Majority and
Concurring Opinions filed February 1, 2011.

 

In The

 

Fourteenth Court of
Appeals

__________________

 

NO. 14-09-00575-CR

___________________

 

Jerrod Duanya Ferguson AKA Jerry Fuller,
Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 23rd District Court

Brazoria County,
Texas



Trial Court Cause No. 57729

 



 

 

CONCURRING OPINION

The majority unnecessarily analyzes an issue that
appellant has not raised regarding the punishment-phase jury charge and, in the
process, treats an unpublished opinion of this court as having precedential
value.  Though I concur in today’s decision to affirm the trial court’s
judgment, I disagree with the majority’s analysis and respectfully decline to
join it.

In his ninth issue, appellant asserts that the trial
court “failed to do a ‘Sua Sponte Duty’ thereby abusing its discretion.”  In
his statement of this issue, appellant cites the part of the record containing
the jury charge in the guilt/innocence phase of the trial.  In his argument
under this issue, appellant cites a case dealing with the jury charge during
the guilt/innocence phase of the trial.  See Delgado v. State, 235
S.W.3d 244, 249 (Tex. Crim. App. 2007).  Relying on this case, appellant argues
that the trial court failed in its sua sponte duty to “ensure that all
of the law applicable to the criminal offense that is set out in the indictment
or information is incorporated into the jury charge as well as the general
admonishments, including reference to the presumption of innocence, proof
beyond a reasonable doubt, unanimity of the verdict, and so forth.”  Id. 
Appellant underlines for emphasis in his brief the phrase “including reference
to the presumption of innocence.”  Notably, there is no presumption of
innocence during the punishment phase of trial.  See Marquez v. State,  725
S.W.2d 217, 227 (Tex. Crim. App. 1987).  Appellant cites two cases regarding
the jury charge during the guilt/innocence phase and no cases regarding the
jury charge during the punishment phase.  Appellant does not mention anything
about evidence of extraneous offenses during the punishment phase or the trial
court’s duty to charge the jury regarding them. Appellant twice cites the jury
charge for the guilt/innocence phase and does not cite the jury charge for the
punishment phase.  Appellant asserts that the error alleged under the ninth
issue entitles him to a reversal of the entire judgment and a new trial as to
his guilt.  This relief corresponds to error during the guilt/innocence phase
but not to error during the punishment phase.  Although the majority states
that it is not clear whether appellant is challenging the jury charge in the
guilt/innocence phase or in the punishment phase, it is clear that appellant is
challenging only the jury charge during the guilt/innocence phase.  

As the majority notes, the trial court complied with
its duty to ensure that all of the law applicable to the criminal offense set
out in the indictment was incorporated into the guilt/innocence jury charge,
including the general admonishments referring to the presumption of innocence,
proof beyond a reasonable doubt, and unanimity of the verdict.  During the
guilt/innocence phase the trial court has no sua sponte duty to charge the jury
regarding the burden of proof as to extraneous offenses.  See Delgado,
235 S.W.3d at 246. Therefore, appellant’s argument under the ninth issue lacks
merit.[1]

In addressing the unassigned error, the majority finds
error in the punishment-phase jury charge and conducts an analysis to determine
whether there was egregious harm.  There are many published cases upon which
the majority could rely to conclude that the trial court’s failure to give the
reasonable-doubt instruction during the punishment phase did not result in
egregious harm to appellant.  See, e.g., Sansom v. State, 292
S.W.3d 112, 132–34 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d) (trial
court’s error in failing to give reasonable-doubt instruction on extraneous
offenses at punishment phase did not result in egregious harm to defendant); Zarco
v. State, 210 S.W.3d 816, 823–27 (Tex. App.—Houston [14th Dist.] 2006, no
pet.) (no egregious harm due to trial court’s failure to give reasonable-doubt
instruction on extraneous offenses during punishment phase).  Rather than rely
upon published cases that have precedential value, the majority chooses to rely
upon an unpublished opinion from this court.  See ante at pp. 14–15. 
Neither appellant nor the State cited this case; indeed, there is no citation
to any unpublished opinions in any of the briefing in this appeal.  

In criminal appeals, opinions that are not designated
for publication have no precedential value.[2] 
See Tex. R. App. P. 47.7
& 2008 cmt.[3]
That means unpublished cases are not part of Texas jurisprudence and cannot be
either binding or persuasive authority.  See State Farm Lloyds v.
Borum, 53 S.W.3d 877, 889 & n.7 (Tex. App.—Dallas 2001, pet. denied)
(refusing to consider unpublished opinion because such opinions have no
precedential value and are not authority); Frizzell v. Cook, 790 S.W.2d
41, 43 (Tex. App.—San Antonio 1990, pet. denied) (equating an opinion withdrawn
by the issuing court with an unpublished opinion and stating that both
withdrawn and unpublished opinions have no precedential value and should not be
considered by appellate courts).  Unpublished opinions contain the reasons for
a court’s prior decision; but, the reasoning in these opinions is
non-jurisprudential and is not entitled to respect and consideration as a precedent
decided by an appellate court.  See Borum, 53 S.W.3d at 889 &
n.7; Frizzell, 790 S.W.2d at 43.  

Counsel may cite unpublished opinions,[4] but appellate courts
may not treat them  as binding or persuasive authority.  See Tex. R. App. P. 47.7 & 2008 cmt.; Borum,
53 S.W.3d at 889 & n.7; Frizzell, 790 S.W.2d at 43; see also Black’s Law Dictionary 1195 (7th ed.
1999). Though the majority correctly states that the unpublished opinion has no
precedential value, the majority then states that the reasoning of that opinion
is persuasive and that the majority has decided to “adopt [this reasoning]
here.” Ante at p. 14.  In so doing, the majority improperly treats this
unpublished opinion as a persuasive authority having precedential value.  See
Borum, 53 S.W.3d at 889 & n.7.  The better course would be to cite the
available published opinions on this issue or, better yet, not address the unassigned
error at all.  

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson, Frost, and Brown. 
(Anderson, J., majority).

Publish — Tex. R. App.
P. 47.2(b).









[1]
Under the ninth issue, appellant also repeats the argument regarding inferences
and the guilt/innocence jury charge that he makes under his seventh issue. 
This argument also lacks merit. 





[2]
This raises the issue of what “no precedential value”
means.  The plain meaning of “precedent” is “[a] decided case that furnishes a
basis for determining later cases involving similar facts or issues.” Black’s Law Dictionary 1195 (7th ed.
1999). A “binding precedent” is “[a] precedent that a court must follow,” and a
“persuasive precedent” is “[a] precedent that a court may either follow or
reject, but that is entitled to respect and careful consideration.”  Id. 






[3] The comment to the 2008 revisions to Rule 47 states: “Effective January 1, 2003, Rule 47 was
amended to prospectively discontinue designating opinions in civil cases as
either ‘published’ or ‘unpublished.’ Subdivision 47.7 is revised to clarify
that, with respect to civil cases, only opinions issued prior to the 2003
amendment and affirmatively designated ‘do not publish’ should be considered ‘unpublished’
cases lacking precedential value. All opinions and memorandum opinions in civil
cases issued after the 2003 amendment have precedential value. The provisions
governing citation of unpublished opinions in criminal cases are substantively
unchanged. Subdivisions 47.2 and 47.7 are amended to clarify that memorandum
opinions are subject to those rules.” 

 





[4]
Since January 1, 2003, counsel have been free to cite unpublished opinions in
any way they wish; but, they are required to add the notation “(not designated
for publication)” in the citation. See Tex.
R. App. P. 47.7 & 2008 cmt.